# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA, *et al.*, <br> *ex rel.* JOSEPH B. SHEA, <br><br> Plaintiffs, <br><br> v. <br><br> ARTHREX, INC., PETER MILLETT, M.D., <br> and ALM RESEARCH LLC, <br><br> Defendants. | No. 20-cv-10210-ADB <br><br> **FILED UNDER SEAL** |

## UNITED STATES' NOTICE OF INTERVENTION IN PART FOR SETTLEMENT PURPOSES AND DECLINATION IN PART

Pursuant to 31 U.S.C. § 3730(b)(2) and (4), the United States notifies the Court of its decision to intervene in part of this action solely for the purposes of settlement with Arthrex, Inc. ("Arthrex"). The United States has reached a settlement with Arthrex and intervenes with respect to claims the relator asserted against Arthrex on behalf of the United States for the Covered Conduct, as defined in Recital Paragraph C of the November 8, 2021 settlement agreement among the United States, Arthrex, and the relator ("Settlement Agreement"). Once Arthrex satisfies its payment obligation under that agreement, the United States and the relator will file a joint stipulation of dismissal as to Arthrex pursuant to the Settlement Agreement's terms. The United States declines to intervene with respect to the relator's allegations concerning all other claims in the relator's Complaint.

The states of Alaska, California, Colorado, Connecticut, Delaware, Florida, Georgia, Hawaii, Illinois, Indiana, Iowa, Louisiana, Maryland, Michigan, Minnesota, Montana, Nevada, New Jersey, New Mexico, New York, North Carolina, Oklahoma, Rhode Island, Tennessee,

Texas, Vermont, Washington, and Wisconsin; the Commonwealths of Massachusetts, Puerto Rico, and Virginia; and the District of Columbia (the "Declining States"), through their counsel, have advised counsel for the United States that the Declining States,pursuant to their respective False Claims Act statutes, wish to decline to intervene in this action as to defendants Peter Millett, M.D., and ALM Research LLC. The Declining States, through their counsel, have authorized the United States to submit this consolidated notice on their behalf.[1]

Although the United States declines to intervene in a portion of the action, the government respectfully refers the Court to 31 U.S.C. § 3730(b)(1), which allows the relator to maintain the declined portion of the action in the name of the United States; provided, however, that the "action may be dismissed only if the court and the Attorney General give written consent to the dismissal and their reasons for consenting." *Id*. Therefore, the United States requests that, should either the relator or the defendants propose that the part of the action in which the United States has not intervened be dismissed, settled, or otherwise discontinued, this Court solicit the written consent of the United States before ruling or granting its approval.

Furthermore, pursuant to 31 U.S.C. § 3730(c), the United States requests that all pleadings filed in this action, even as to the non-intervened part of this action, be served upon the United States. The United States also requests that all orders issued by the Court be sent to the government's counsel. The United States reserves its right to order any deposition transcripts

---

[1] The Maryland False Health Claims Act provides that "[i]f the State does not elect to intervene and proceed with the action . . . before unsealing the complaint, the court shall dismiss the action." Md. Code Ann., Health Gen, § 2-604 (a)(7). Accordingly, the State of Maryland requests that all claims asserted on behalf of the State of Maryland be dismissed without prejudice.
    As noted above, the United States intends to file a stipulation of dismissal upon Arthrex's payment of the settlement amount, and that stipulation of dismissal will incorporate all the Declining States—including Maryland.

2

and to intervene in the portion of this action in which it is declining to intervene today, for good cause, at a later date.

The United States reserves the right to seek dismissal of the relator's action or claim on any appropriate grounds, including under 31 U.S.C. §§ 3730(b)(5) and (e)(4).

Lastly, the United States previously requested that the Court unseal specific documents effective upon the government's filing of this Notice.[2] The Court granted that request on November 1, 2021, and no further order is needed to accomplish the requested unsealing. Pursuant to the Court's November 1, 2021 Order, the United States respectfully requests that the Court direct the clerk to unseal the relator's Complaint and this Notice.

Dated: November 8, 2021                                          Respectfully submitted,

| | |
|---|---|
| BRIAN M. BOYNTON | NATHANIEL R. MENDELL |
| Acting Assistant Attorney General | Acting United States Attorney |
| | |
| | By:    */s/ David J. Derusha* |
| J. ANDREW JACO | DAVID J. DERUSHA |
| Trial Attorney | CHARLES B. WEINOGRAD |
| U.S. Department of Justice | Assistant United States Attorneys |
| Civil Division | United States Attorney's Office |
| P.O. Box 261 | 1 Courthouse Way, Suite 9200 |
| Washington, D.C. 20044 | Boston, MA 02210 |
| (202) 305-4589 | (617) 748-3100 |
| James.A.Jaco@usdoj.gov | david.derusha@usdoj.gov |
| | charles.weinograd@usdoj.gov |

---

[2] Specifically, the United States requested (and the Court ordered): that the relator's Complaint and this Notice be unsealed upon the government filing this Notice; that all pleadings filed after this Notice shall not be sealed, absent further order of the Court; and that all other papers on file in the action remain under seal.

## **CERTIFICATE OF SERVICE**

I certify that the foregoing notice was served on the following counsel for relator by e-mail on the date below.

Suzanne E. Durrell, Esq.
suzanne@thomasdurrell.com

Robert M. Thomas, Jr., Esq.
bob@thomasdurrell.com

David W.S. Lieberman, Esq.
david@thomasdurrell.com


Dated:  November 8, 2021
*/s/ David J. Derusha*
David J. Derusha
Assistant United States Attorney